D

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

15cv61254-Cohn/Seltzer

FILED BY D.C.
JUL 10 2015
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - WPB

RONNIE EDMOND,

Plaintiff,

V

THE BANK OF NEW YORK MELLON, AS SUCCESSOR TRUSTEE UNDER NOVASTAR MORTGAGE FUNDING TRUST, SERIES 2006-2 & AVP LARRY NOUANEMANY (SAXON MORTGAGE SERVICES & AVP LARRY NOUANEMANY), NOVASTAR MORTGAGE INC., MERS & AVP LARRY NOUANEMANY and JP MORGAN.

Defendant (s)

______________________________/

**PLAINTIFF'S RESPONSE AND OBJECTION TO DEFENDANT MERS MOTION TO DISMISS**

COMES NOW, Plaintiff, Pro se, and files this his response and objection to Defendants motion to dismiss, and in support thereof state as follows:

1. First, it is very difficult for Plaintiff to respond to the motion to dismiss because Plaintiff doesn't recognize the name of one of the responding parties, The Bank of New York Mellon fka The Bank of New York, as Successor Trustee for JPMorgan Chase Bank, N.A., as Trustee for NovaStar Mortgage Funding Trust, Series 2006-2 NovaStar Home Equity Loan Asset-Backed Certificates, 2006-2. **Who is not named within the complaint as a Defendant**.
2. Plaintiff filed suit against The Bank of New York Mellon as Trustee for NovaStar Mortgage Funding Trust, Series 2006-2.

3. The responding unknown party named at number one above and MERS mentioned the foreclosure action and attached exhibits to their motion to dismiss this case. The foreclosure complaint and the exhibits to the motion to dismiss also name (The Bank of New York Mellon as Trustee for NovaStar Mortgage Funding Trust, Series 2006-2).

4. However, Plaintiff will respond to MERS as Plaintiff doesn't recognize who The Bank of New York Mellon fka The Bank of New York, as Successor Trustee for JPMorgan Chase Bank, N.A., as Trustee for NovaStar Mortgage Funding Trust, Series 2006-2 NovaStar Home Equity Loan Asset-Backed Certificates, 2006-2 is and therefore is not required to respond to a none party to the complaint.

5. Defendant alleges that Plaintiff incorrectly named the Defendants in Plaintiff's complaint, however, Larry Nouanemany is an AVP for MERS, BONYM as the alleged Trustee and Saxon Mortgage Services on the forged loan modification. See Complaint, Exhibit D.

6. In fact, the Defendant Bank of New York Mellon's name is one of the issues Plaintiff raised in his complaint. The foreclosure complaint and the documents Defendants attached to their motion to dismiss states the Defendant (BONYM) name is The Bank of New York, as Successor to NovaStar Mortgage Funding Trust, Series 2006-2. This is actually the name of the "depositor" to the alleged Trust.

7. Yet, Defendant BONYM motion to dismiss names the Defendant as The Bank of New York Mellon fka The Bank of New York, as Successor Trustee for JPMorgan Chase Bank, N.A., as Trustee for NovaStar Mortgage Funding Trust, Series 2006-2 NovaStar Home Equity Loan Asset-Backed Certificates, 2006-2.

8. This name is incorrect as Plaintiff filed suit against the entity named on the loan modification (The Bank of New York, as Successor Trustee for NovaStar Mortgage Funding Trust, Series 2006-2).

9. The name Defendant filed the notice of appearance of counsel and motion to dismiss under is not the name of the entity Plaintiff sued in his complaint. Therefore, the wrong entity entered this case and filed (Notice of appearance of counsel and motion to dismiss) which in turn means (The Bank of New York, as Successor Trustee for NovaStar Mortgage Funding Trust, Series 2006-2) has failed to answer Plaintiff's within the 21 days as required by law, therefor Defendant (The Bank of New York, as Successor Trustee for NovaStar Mortgage Funding Trust, Series 2006-2) is in Default.

10. There is a big difference between the two names, one names JP Morgan and the other does not, one names (NovaStar Home Equity Loan Asset-Backed Certificates, 2006-2), the other does' not.

11. The Defendants are up to their old tricks, the exhibits Defendants mailed to Plaintiff "Only" has the affirmative defenses attached, not the Amended Counterclaim. The amended counterclaim filed in the state court "does not" name Plaintiff, Plaintiff did not sign and is not a participant in the counterclaim, the counterclaim is "Verified by Janet E Leigh-Edmond", not Plaintiff as Plaintiff's signature is not on the documents/exhibits attached to Defendants motion to dismiss. Defendants complain that Plaintiff's complaint can't be deciphered and Defendants asked for a more Definite Statement.

12. If there is one thing in regards to the complaint, it spells out each cause of action and the laws broken etc. The complaint sets out each allegation and in some cases Plaintiff admits he provided the same info more than once or twice.

13. Defendants also state within their motion to dismiss that; "When a plaintiff files a second complaint alleging the same cause of action as a prior, pending, related action, the second

complaint may be dismissed."

15. The problem with this argument is that Plaintiff is not the Plaintiff to the state counterclaim as noted above, hence, Defendants argument is moot as Plaintiff signature is not on the verification of the counterclaim in state court.

16. In addition, Janet E Leigh-Edmond, who signed and verified the state counterclaim is NOT a Plaintiff in the subject case. Also, Janet E Leigh-Edmond is represented by Steven Wallace in the state case while Plaintiff is Pro se.

17. Therefore, Defendants argument that Plaintiff cannot maintain two separate actions involving the same subject matter at the same time against the same defendant in the same Court is moot.

18. In addition, the case cited by Defendant involves a Plaintiff who had complaints filed in the same court, Plaintiff suit is in Federal Court, the counterclaim that is NOT signed by Plaintiff is in state court and "Verified and filed by Janet E Leigh-Edmond" via her attorney Steven Wallace, not Plaintiff.

19. Defendants argue that the complaint is **vague or ambiguous**. Throughout the entire complaint each allegation is laid out precisely, <u>for instance</u>;

  a. " it alleges that Defendants used the US Mail to trick Plaintiff by using the name of Plaintiff s original lender on the loan modification (Novastar Home Mortgage, Inc.) to induce Plaintiff into signing and notarizing the HAMP loan mod (HAMP is an official program of the Departments of the Treasury & Housing and Urban Development) then changed the name of the original lender to the name of Defendant BONYM after Plaintiff and his wife had signed and notarized the loan mod, using the US Mail to do so, violating 18 U.S. Code j1002 - Possession of false papers to defraud United States, 18 U.S. Code j 1342, 18 U.S. Code j 1341 and 18 U.S. Code j514. Florida Stats. 817.568 Criminal use of personal identification information.

Defendants' then mailed, carried and or used electronic means to send the forged loan modification across state lines from (SMS) in Texas to Florida (Broward County Records) this makes it a Federal Felony. 1 8 U.S. Code j1343".

20. The above is not vague or ambiguous, and in fact precisely states that Defendant's mailed Plaintiff a loan mod naming Plaintiff's original lender, once Plaintiff signed, notarized and mailed the loan mod naming the original lender (Novastar Home Mortgage) back to Defendants in Texas, Defendants forged and altered the loan mod by removing the name of the original lender and replaced it with the name of The Bank of New York, as Successor to NovaStar Mortgage Funding Trust, Series 2006-2. That is forgery, mail fraud and altering an official document. There is noting vague or ambiguous about numbers 15 and 16 above, which are just a couple of the well plead allegations within Plaintiff's complaint.

21. Forgery also automatically becomes a federal offense if a forged document is carried or mailed across interstate lines, or if the forgery occurs in multiple states. This alone gives the Court Jurisdiction and it states a cause of action.

22. The very 1st element of the forgery and mail fraud accrued when Defendants mailed Plaintiff the forged and fraudulent loan modification from Texas. Plaintiff signed and notarized the loan modification that named (Novastar Home Mortgage) and mailed it back to Defendants in Texas as stated within the complaint. Plaintiff "forged and altered" the loan mod by removing the name (Novastar Home Mortgage) and replacing it with the name (The Bank of New York, as Successor to NovaStar Mortgage Funding Trust, Series 2006-2) without Plaintiff knowledge, this is mail fraud, forgery and numerous other violations of Federal Law.

23. Again, Forgery also automatically becomes a federal offense if a forged document is carried or mailed across interstate lines, or if the forgery occurs in multiple states, and again, Plaintiff is not a party to the state counterclaim action.

24. It is a federal crime to devise a scheme to defraud another of property, when either mail or wire communications are used in furtherance of the scheme, 18 U.S.C. 1341, 1343 Mail or wire fraud includes schemes to defraud another of honest services.

25. In addition, the Plaintiff's complaint and the counterclaim are not exactly the same, the complaint alleges more Federal violations and the counts are not the same.

26. Janet E Leigh-Edmond's Verified Complaint to the DA is attached to the Plaintiff's complaint as an exhibit, she is not a party to the subject complaint filed by Plaintiff.

27. **Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (1 1th Cir.1986).** A motion to dismiss w ill be denied unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. Luckey 860 F.2d at 1016.

28. The allegations in the complaint must be taken as true for purposes of the motion to dismiss. ld. ln the case of a pro se action, moreover, the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers. Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 175, 66 L.Ed.2d 163 (1980) per curiam). See Luckey v. Harris, 860 F.2d 1012, 1 016-17 (1 1 th Cir.1988). See Also; Hulsey v. Ownes 63 F3d 354 (5th Cir 1995). See ln Re: HALL v. BELLMON 935 F.2d 1106 (10th Cir. 1991)."

**WHEREFORE**, Plaintiff, Pro se, respectfully move this Court to dismiss the instant Motion to dismiss and enter any other relief the Court deems just and equitable.

## CERTIFICATE OF SERVICE

I certify that on July 1, 2015, a copy of this pleading was mailed to each of the Defendants named on the attached service list.

RON EDMOND, PRO SE
3101 N W 71St Ave
Margate, FL 33063
954-604-1053

## SERVICE LIST

David F. Knobel, Esq.
505 S. Flagler Drive, Suite 400
West Palm Beach, FL 33401
Email: dknobel@morrislaing.com