**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

Case No. 15-CV-61254-COHN

RONNIE EDMOND,

Plaintiff,

v.

THE BANK OF NEW YORK MELLON, AS SUCCESSOR TRUSTEE UNDER NOVASTAR MORTGAGE FUNDING TRUST, SERIES 2006-2, (SAXON MORTGAGE SERVICES, INC.), NOVASTAR MORTGAGE, INC., JP MORGAN AND MERS.

Defendants.

'15 JUL 30 PM 12:25

**PLAINTIFF RONNIE EDMOND'S OBJECTION TO DEFENDANT SAXON MORTGAGE SERVICES MOTION TO STRIKE.**

**COMES NOW**, Plaintiff, Pro se, and files this his response to Defendant Saxon Mortgage Services motion to strike Plaintiff's response, and in support thereof state as follows:

1. Defendant Saxon filed a motion to strike Plaintiff's pleading and response based on Local Rule 7.1 (a) and (c). The United States Supreme Courts has ruled numerous times, in Davis v. Wechler, 263 U.S. 22, 24; Stromberb v. California, 283 U.S. 359; NAACP v. Alabama, 375 U.S. 449, Wright v. Georgia, 373 U.S. 284, 289. "The assertion of federal rights, when plainly and reasonably made, are not to be defeated under the name of local practice." The Supreme Court further stated; This is familiar as to the substantive law, and, for the same reasons, it is necessary to see that local practice shall not be allowed to put unreasonable obstacles in the way. **See** American Ry. Express Co. v. Levee, ante, 263 U. S. 19. Love v. Griffith, 266 U.S. 32; Terminiello v. Chicago, 337 U.S.1; Staub v. City of Baxley, 355 U.S. 313;

2. Plaintiff's complaint also alleges violations of Plaintiff's rights secured by the constitution. Where rights secured by the Constitution are involved, there can be no rule making or legislation which would abrogate them. Miranda Versus Arizona, 384 U.S. 436, 491.

3. Plaintiff is Pro se, it is totally impossible for Plaintiff to learn all the local and Federal Rules of CP within the time frame of this case.

4. B. Platsky v. CIA, 953 F.2d 25, 26 28 (2nd Cir. 1991), "Court errs if court dismisses pro se litigant without instruction of how pleadings are deficient and how to repair pleadings."

5. "Pleadings in this case are being filed by Plaintiff in Propria Persona, wherein pleadings are to be considered without regard to technicalities. Propria pleadings are not to be held to the same high standards of perfection as practicing lawyers. See Haines v. Kerner 92 Sct 594, also See Power 914 F2d 1459 (11th Cir1990), also See Hulsey v. Ownes 63 F3d 354 (5th Cir 1995). also See In Re: HALL v. BELLMON 935 F.2d 1106 (10th Cir. 1991)."

6. Haines v. Kerner, 404 U.S. 519 (1972) "Allegations such as those asserted by petitioner, however inartfully pleaded, are sufficient"... "which we hold to less stringent standards than formal pleadings drafted by lawyers."

7. Jenkins v. McKeithen, 395 U.S. 411, 421 (1959); Picking v. Pennsylvania R. Co., 151 Fed 2nd 240; Pucket v. Cox, 456 2nd 233. Pro se pleadings are to be considered without regard to technicality; pro se litigants' pleadings are not to be held to the same high standards of perfection as lawyers.

**The Summons**:

A person over 18 and who is not a party served the complaints upon each Defendant via certified mail, Michelle Deming, as indicated within her filed Affidavit of Service and the attached copies of the green cards proving each Defendant was indeed served.

8. Rule 4(m) provides, in relevant part: If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. - MANN v. CASTIEL United States Court of Appeals, District of Columbia Circuit. No. 10–7109. Decided: June 1, 2012

9. Defendants attorneys, who are already advantaged unfairly by knowing the Fed. R. Civ. P., while the Plaintiff who is pro se does not. Is asking the court to dismiss Plaintiff's entire claim because Plaintiff misread Rule 4, which states;

(c) Service.

(1) In General. A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.

(2) By Whom. Any person who is at least 18 years old and not a party may serve a summons and complaint.

(3) By a Marshal or Someone Specially Appointed. At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. §1915

or as a seaman under 28 U.S.C. §1916.

10. **And;** Fed. R. Civ. P. 4(h), which states;

(h) SERVING A CORPORATION, PARTNERSHIP, OR ASSOCIATION. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

(1) in a judicial district of the United States:

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or

(2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

11. If the rules are that only a process server can serve the complaint or that Plaintiff has to have any party over 18 to personally physically serve the summons and complaint, Plaintiff must have misread the above rules.

12. Conley v. Gibson, 355 U.S. 41 at 48 (1957) "Following the simple guide of rule 8(f) that all pleadings shall be so construed as to do substantial justice"... "The federal rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." The court also cited Rule 8(f) FRCP, which holds that all pleadings shall be construed to do substantial justice.

13. Plaintiff realizes that must of the pro se cases mention pleadings, however, Plaintiff shouldn't' have to completely refile the complaint because the Defendant claims they weren't properly serve while at the same time acknowledging that Defendant did indeed receive the summons and complaint.

14. Both of the motions to dismiss filed by Defendants deal with technical issues, they do not challenge any of the Plaintiff's allegation set forth within the complaint.

15. Plaintiff is pro se, however, it seems to Plaintiff that if Defendant admits to receiving the summons and complaint it shouldn't be allowed to assert that it was not served properly. Defendant also cited case law that is not from the 11th Circuit Court of Appeals.

**16.** Plaintiff is proceeding Pro se, a motion to dismiss will be denied unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. Luckey 860 F.2d at 1016. **Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir.1986).**

17. In addition, the way Plaintiff reads; Rule 4(m)." which provides, in relevant part: The defendant must be served within 120 days after the complaint is filed.

18. Plaintiff filed his complaint June 12th 2015, roughly 5 weeks ago from todays date, as such, Plaintiff still has time to serve Defendant based on the 120-day requirement in

Rule 4(m).

**WHEREFORE**, Plaintiff respectfully requests that this Court deny Defendants motion to strike Plaintiff's pleading. In the alternative, Plaintiff request the court allow Plaintiff to re-serve Defendant, because if Defendant's argument is indeed authentic, Plaintiff, Pro se, misread the rules. In addition, pursuant to Federal Rules of Civil Procedure 4(m) Plaintiff has 120 days to serve Defendant and it has only been approximately 6 weeks since Plaintiff filed suit.

Respectfully submitted,

RONNIE EDMOND, PRO SE
3101 N W 71St Ave
Margate, FL 33063
Redmond2026@outlook.com

**CERTIFICATE OF SERVICE**

I certify that on July 29th 2015, a copy of this pleading was mailed to the attorneys for each of the Defendants named on the attached service list:

RON EDMOND, PRO SE
3101 N W 71St Ave
Margate, FL 33063
954-604-1053

**SERVICE LIST**

David F. Knobel, Esq.
505 S. Flagler Drive, Suite 400
West Palm Beach, FL 33401
Email: dknobel@morrislaing.com

Lacey D. Hofmeyer
Florida Bar No.: 36983
Email: HofmeyerL@gtlaw.com
Barry L. Rothberg
Email: RothbergB@gtlaw.com
Florida Bar No.: 160873
**GREENBERG TRAURIG, P. A.**
333 SE 2nd Avenue, Suite 4400
Miami, Florida 33131